UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────
F.M., a minor, by and through his mother, Ms. M.,

                Plaintiff,

-against-                **Civil Case No. 1:13-CV-0041 GTS/RFT**

ANDERSON CENTER FOR AUTISM and
TACONIC HILLS CENTRAL SCHOOL DISTRICT,

                Defendants.
───────────────────────────────────────────

# *MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS*

───────────────────────────────────────────

                        CARTER, CONBOY, CASE, BLACKMORE,
                              MALONEY & LAIRD, P.C.
                        Attorneys for Defendant, Anderson Center
                        for Autism
                        Office and P.O. Address
                        20 Corporate Woods Boulevard
                        Albany, NY  12211-2362
                        Phone: (518) 465-3484

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................... 1

STATEMENT OF FACTS ....................................................... 1

ARGUMENT .................................................................. 1

STANDARD OF REVIEW ........................................................ 1

    POINT I
    THE STATUTE OF REVIEW UNDER THE REHABILITATION ACT,
    AMERICANS WITH DISABILITIES ACT, AND THE IDEA HAS EXPIRED ........ 2

    POINT II
    PLAINTIFF HAS FAILED TO ALLEGE THAT AN ADVERSE DECISION
    OR COURSE OF ACTION WAS TAKEN AGAINST PLAINTIFF ................ 4

    POINT III
    THE PLAINTIFF HAS FAILED TO STATE A CLAIM OF A DEPRIVATION
    OF SUBSTANTIVE OR PROCEDURAL DUE PROCESS UPON WHICH
    RELIEF CAN BE GRANTED ........................................ 5

        A. Moving Defendant is Not a Governmental Entity ............. 6

        B. Plaintiff does not have a Property Interest in his Education ........ 6

        C. Moving Defendant's Acts were not Outrageous ............. 7

CONCLUSION ................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Curto v. Edmundson, 392 F.3d 502 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

E.H. v. Bd. of Educ., 361 Fed. Appx. 156 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . 3

Hampton Bays Connections, Inc. v. Duffy, 188 F.Supp. 2d 270 (E.D.N.Y. 2002) . . . . . . 7

J.S. v. Attica Cent. Sch., 386 F.3d 107 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 2

Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12 (2d Cir. 1999) . . . . . . . . . . . . . 5

Manza v. Newhard, 470 Fed. Appx. 6 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Morse v. University of Vermont, 973 F.2d 122 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . 2, 3

Norvath v. Westport Library Ass'n, 362 F.3d 147 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . 6

Piazza v. Florida, 777 F.Supp. 2d 669 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . 2, 3

Rendall-Baker v. Kohn, 457 U.S. 830 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58 (2d Cir. 2007) . . . . . . . . . . . . . . . . . 6

Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . 4, 5

**Statutes, Rules and Regulations**

Americans with Disabilities Act, 42 U.S.C. §12101 . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

Individuals with Disabilities Education Act, 20 U.S.C. § 1400 . . . . . . . . . . . . . . . . . . 2, 3

Rehabilitation Act of 1973, as Amended, 29 U.S.C. 701, Section 504 . . . . . . . . . . . 2, 3, 4

## PRELIMINARY STATEMENT

Defendant, Anderson Center for Autism (hereinafter referred to as "The Anderson Center" or "moving defendant"), by and through its counsel, respectfully submit this Memorandum of Law in support of their Motion for an Order pursuant to FRCP Rule 12(b)(6) dismissing the plaintiff's Complaint with prejudice and on the merits for a failure to state a claim upon which relief can be granted, together with such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

The plaintiff, F.M., a minor, by and through his mother Ms. M, (hereinafter "plaintiff") has filed a Complaint seeking relief and/or damages for alleged violations of his rights under the Americans with Disabilities Act and due process rights, among others, by defendant. See Complaint, Dkt.No. 1. The plaintiff's Summons and Complaint was filed with the Northern District of New York on or about January 10, 2013. Id. Pursuant to a Text Order dated April 5, 2013, the Court granted an extension of time for defendants to answer, appear or otherwise move against the Complaint until April 26, 2013. See Dkt. No. 14.

Defendant, The Anderson Center, now makes the instant motion to dismiss pursuant to FRCP Rule 12(b)(6) seeking dismissal of plaintiff's complaint with prejudice and on the merits, together with such other and further relief as the Court may deem just and proper.

## ARGUMENT

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the Court to dismiss an action if it fails to state a claim upon which relief can be granted. To survive dismissal, the cause of action must provide factual allegations sufficient "to raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). In evaluating the sufficiency of a complaint, the court must engage in a two-step process. First, the Court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Second, the court must decide whether the remaining allegations in the complaint - taken as true - state a "plausible claim for relief." Id. at 1950.

## POINT I

### THE STATUTE OF LIMITATIONS UNDER THE REHABILITATION ACT, AMERICANS WITH DISABILITIES ACT, AND THE IDEA HAS EXPIRED

A plaintiff is required to exhaust all administrative remedies before bringing a civil action under Section 504 the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, the Americans with Disabilities Act, 42 U.S.C. § 12101, or the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* in federal or state court unless such action would be futile. J.S. v. Attica Cent. Sch., 386 F.3d 107 (2d Cir. 2004). See also, Piazza v. Florida, 777 F.Supp.2d 669 (S.D.N.Y. 2011). Whether a claim has been exhausted or unexhausted dictates the applicable statute of limitations. Piazza, 777 F.Supp.2d at 669.

Unexhausted discrimination claims under § 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the IDEA are governed by the State statute of limitations applicable to personal injury actions. Morse v. University of Vermont, 973 F.2d 122, 127 (2d Cir.1992); see also, Piazza v. Florida, 777 F.Supp.2d 669 (S.D.N.Y. 2011) and Curto v. Edmundson, 392 F.3d 502 (2d Cir. 2004). In New York, the statute of limitations is three years for personal injury actions. Id. Consequently, the statute of limitations for unexhausted claims under § 504 of the

Rehabilitation Act, the ADA, and the IDEA is three years. Id. Exhausted claims under § 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the IDEA are governed by a two year statute of limitations. E.H. v. Bd. of Educ., 361 Fed. Appx. 156, 158 (2d Cir. N.Y. 2009); see also, Piazza, 777 F.Supp.2d at 669.

Under the IDEA, the ADA, and the Rehabilitation Act, a claim accrues on the date that a plaintiff or his parent "knew or should have known" about the alleged action that forms the basis of the complaint. Morse, 973 F.2d at 127. Furthermore, infancy tolling provisions do not apply under the statutes. Piazza, 777 F.Supp.2d at 690.

Plaintiff alleges that F.M.'s parents withdrew him from the Anderson Center on or about May 6, 2009 based upon defendant Taconic Hill's inability to provide plaintiff a suitable educational program. See Complaint, Dkt. No. 1, ¶ 64. Plaintiff does not allege that any adverse action was taken by the moving defendant after that date. As such, plaintiff's claim accrued on or about May 6, 2009. Plaintiff also alleges that F.M. came home with bruises on May 6, 2009. See, Complaint, Dkt. No. 1, ¶ 57.

Plaintiff fails to plead either that he exhausted all available administrative remedies against Anderson Center or that plaintiff was not required to do so. See Complaint, Dkt. No. 1. However, applying either the two year statute of limitations for exhausted claims or the more liberal three year statute of limitations for unexhausted claims, the statute of limitations on plaintiff's claims under the ADA, IDEA and Rehabilitation Act has expired.

Applying the three year statute of limitations, plaintiff's claims under the ADA, IDEA and Rehabilitation Act expired on or about May 4, 2012. Applying the two year statute of limitations, plaintiff's claims under the ADA, IDEA and Rehabilitation Act expired on or about May 6, 2011.

3

Therefore, plaintiff's First, Second, Third, Fourth, Fifth, Sixth, and Twelfth causes of action must be dismissed.

## POINT II

### PLAINTIFF HAS FAILED TO ALLEGE THAT AN ADVERSE DECISION OR COURSE OF ACTION WAS TAKEN AGAINST PLAINTIFF

Plaintiff's Second and Fourth causes of action allege that defendant "retaliated against plaintiff" by "denying plaintiff opportunities and accommodations" in violation of Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act, respectively. See Complaint, Dkt. No. 1, pgs 6-7.

In order to establish a cause of action for unlawful retaliation under either § 504 of the Rehabilitation Act or the Americans with Disabilities Act, a plaintiff must allege that: (1) a plaintiff was engaged in protected activity; (2) the alleged retaliator knew that plaintiff was involved in protected activity; (3) an adverse decision or course of action was taken against plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138 (2d Cir. N.Y. 2002).

Plaintiff fails to sufficiently allege that an adverse action was taken by defendant for any protected activity under §504 of the Rehabilitation Act or the ADA. Although plaintiff alleges that retaliatory action was taken against plaintiff for "lodging complaints", the Second Circuit has held that an allegation of retaliatory action based on lodging complaints against a school district is not sufficient to support a cognizable retaliation claim. Id. at 138; see Complaint, Dkt. No. 1.

Here, plaintiff fails to allege any action taken by plaintiff or plaintiff's parents, other than lodging complaints against moving defendant, that resulted in retaliatory conduct. Although it is alleged that plaintiff's parents did not enjoy a harmonious relationship with the School District

and the Anderson Center personnel, the conflicts described by plaintiffs do not support a cognizable retaliation claim. Weixel, 287 F.3d at 138. Accordingly, the plaintiff's retaliation claims under Section 504 and the ADA must be dismissed in their entirety.

### POINT III

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM OF A DEPRIVATION OF SUBSTANTIVE OR PROCEDURAL DUE PROCESS UPON WHICH RELIEF CAN BE GRANTED

To state a substantive due process claim, a plaintiff must plead that he (1) had a valid property interest in a benefit that was entitled to constitutional protection, and (2) that the defendants' actions were "so outrageously arbitrary as to be gross abuse of governmental authority." Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999). To state a procedural due process claim, a plaintiff must plead that he suffered (1) a deprivation of a (2) valid property interest in a benefit that was entitled to constitutional protection, (3) "without notice or some opportunity to be heard prior to the deprivation". Manza v. Newhard, 470 Fed. Appx. 6 (2d Cir. 2012).

Here, plaintiff asserts a vague deprivation of his due process rights. See Complaint, Dkt. No. 1, ¶¶ 126-131. Plaintiff alleges that his due process rights were violated when "defendants held F.M. without his or his parents' consent", defendants "failed to include Ms. M in the development of [plaintiff's] behavioral support plan", and "defendants also failed to provide services mandated by F. M.'s IEP". See Complaint, Dkt. No. 1, ¶ 129. However, plaintiff does not specify whether he was deprived of his substantive or procedural process rights. Id. Further, plaintiff's cause of action does not detail at what time or in what context defendants held F.M. without his or his parents' consent. Id.

However, in either case, plaintiff has failed to state either a substantive or procedural due process claim.

## A.    Moving Defendant Is Not a Governmental Entity.

As a threshold matter, the right to due process established by the Fourteenth Amendment applies only to governmental entities. Norvath v. Westport Library Ass'n, 362 F.3d 147 (2d Cir. 2004). Plaintiff alleges that moving defendant is a public entity due to the fact that it receives federal funding. See Complaint, Dkt. No. 1. However, according to the Supreme Court, a private school whose income is derived primarily from public sources is not a state actor by virtue of public funding under the Fourteenth Amendment. Rendall-Baker v. Kohn, 457 U.S. 830 (1982). Plaintiff fails to allege any basis, other than the fact that moving defendant allegedly receives federal funding, to support its contention that moving defendant is a governmental entity or state actor. As such, the claim must be dismissed.

## B.    Plaintiff Does Not Have a Property Interest in His Education.

Plaintiff also does not set forth sufficient facts within his complaint to demonstrate that he possessed a protected property interest. See Complaint, Dkt. No. 1. Plaintiff alleges that his due process rights were violated when "defendants failed to include Ms. M in the development of [plaintiff's] behavioral support plan", and "defendants also failed to provide services mandated by F. M.'s IEP". Id. at ¶¶ 127-129. However, the Fourteenth Amendment does not protect a publicly funded education or a parent's ability to create their child's behavioral support plan as a substantive fundamental right. Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58, 63 (2d Cir. 2007). Therefore, this claim must fail.

C.   **Moving Defendant's Acts Were Not Outrageous.**

Furthermore, to establish a cause of action for violation of the plaintiff's substantial due process rights, the plaintiff must show that the defendant's conduct was so outrageously arbitrary as to be gross abuse of governmental authority. Hampton Bays Connections, Inc. v. Duffy, 188 F.Supp. 2d 270, 277 (E.D.N.Y. 2002).

Here, there is no allegation that the moving defendant's actions were so outrageously arbitrary as to be a gross abuse of governmental authority. Instead, plaintiff merely states defendants "denied plaintiff his rights to due process". See Complaint, ¶ 30, Dkt. No. 1. Bare allegations and recitation of the elements will not suffice. Iqbal, 129 S.Ct. at 1950. Therefore, plaintiff's due process claim must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

On behalf of the moving defendant, The Anderson Center for Autism, your deponent respectfully requests an Order dismissing plaintiff's complaint with prejudice and on the merits pursuant to F.R.C.P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted, together with such other and further relief as the Court may deem just and proper.

DATED: April 25, 2013                    Respectfully submitted,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: _____
MICHAEL J. MURPHY
Attorneys for Defendant, Anderson Center for Autism
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, NY  12211-2362
Phone: (518) 465-3484
E-Mail:  mmurphy@carterconboy.com

7